## DECLARATION OF BYRON LYONS

STATE OF TEXAS                    §
                                 §
COUNTY OF POLK                    §

1.    "My name is Byron Lyons.  I am over the age of 18 and have never been convicted of a felony offense or a crime involving moral turpitude.  The following facts are based upon my personal knowledge and are all true and correct or, as noted below, the statements are derived from official government documents, and are all true and correct to the best of my knowledge."

2.    "I am the duly-elected Sheriff of Polk County, Texas.  I was elected in November of 2020 and took office on January 1, 2021.  I have personal knowledge of the facts stated in this Declaration."

3.    "Prior to my election, I was an employee of and served the Polk County Sheriff's Office.  I started at the Polk County Sheriff's Office in 1986 as a jailer, and later returned to the Polk County Sheriff's Office to serve as Chief Deputy under newly-elected Sheriff Kenneth Hammack in 2005. I am a licensed peace officer and the policymaking official for the Polk County Sheriff's Office. I hold a Master Peace Officer License.  I am an African American man, as is Plaintiff William Jerry."

4.    "The Polk County Sheriff's Office has a number of important policies, each of which have been developed and/or approved by me.  These policies have been implemented as part of an effort to build a workforce of people that do excellent work in the fields of law enforcement and corrections, while at the same time being good citizens of their community.  I want the community see the Sheriff's Office as a reliable source of protection and support, made of people who live here and are

**Declaration of Byron Lyons**                                          **Page 1 of 6**

trained to treat everyone with respect. The policies that appear to be most relevant to this lawsuit are attached to a separate business records affidavit I executed. The sections of the policies that Mr. Jerry was found to have violated are noted in the termination letter dated March 2, 2021. Mr. Jerry's termination letter is also attached to the business records affidavit."

5. "When all of this occurred in February 2021, I had known and worked with William Jerry for over sixteen years and considered him a friend. We have worked together since I came back to the Polk County Sheriff's Office in 2005, except for a period of approximately 9 months in 2012 and 2013 when Jerry left to work at another agency, before returning to work at the Polk County sheriff's Office in July of 2013. Jerry and I had always gotten along and had a good working relationship. I had been Sheriff for less than two months, and I looked forward to making him the next Jail Captain (the highest ranking jail official) in March, when the then-Jail Captain Dickens retired. On January 21, 2021, I sent a letter to Director Of Human Resources Adrena Gilbert stating that I had offered Jerry the soon-to-be-vacant position of Jail Captain, and that Jerry had accepted the offer. Jerry was set to take on the new jail captain position upon Dickens resignation on March 12, 2021. However, that plan changed after the investigation of Lt. Jerry's use of force during an encounter with an inmate named Michael Richards, which occurred on February 23, 2021."

6. "I heard about the incident the following morning from my Chief Deputy, Rickie Childers, and he informed me that he had received a call on the evening of February 23[rd] from Justice of the Peace Jamie Richardson that two corrections

officers had gone to see her and expressed concerns about a use of force incident involving Lt. Jerry that morning. I am not sure why they chose to inform the Justice of the Peace, instead of reporting it internally, but I assume there was a reason."

7.  "Chief Deputy Childers briefed me on what he had learned, and we watched the surveillance and body camera footage of the incident together. I feel strongly that Lt. Jerry's behavior was not the type of behavior that would build trust with the citizens of Polk County; it certainly was shocking behavior for a commanding officer to display in front of a number of his subordinates."

8.  "After reviewing the available evidence, including the allegations of Michael Richards, Chief Deputy and I agreed that we should contact the Texas Rangers and invite them to conduct an external investigation, because it appeared that there could be potentially criminal activity. I believe that investigation is still pending. Chief Deputy Childers handled the internal investigation into whether Jerry's conduct violated the Polk County Sheriff's Office Policies and Procedures. Jerry was given a copy of the complaint against him and the videos of the incident, and instructed to provide a statement and take part in an interview. Jerry refused to provide a statement or answer questions from Chief Deputy Childers."

9.  "The incident between Lt. Jerry and inmate Michael Richards began in Richard's cell. However, after it had apparently ended, Lt. Jerry decided to take the inmate to a different cell. When he and the inmate reached the cell, Lt. Jerry told the officers present to give him some "privacy." Unfortunately, during the time he and the inmate were in that cell, Lt. Jerry did not turn on his body-worn camera as required by my policy, so information that should have been available to everyone is not

available. Further, there are no cameras in the cell that Jerry took Richards into, and this is information Jerry would or should have known. The Polk County sheriff's Office and Jail does not have a policy, custom or practice of placing inmates in separation cells for offending of "disrespecting" jail staff.  Giving the middle finger, cursing or disrespecting a jail officer is not sufficient stand-alone basis to move an inmate to a separation cell or get hands-on and physical with an inmate, especially to the extent Jerry was with Inmate Richards, forcefully grabbing his hair and neck, shoving him into doors and walls, and pointing a taser at his head.  This is especially true when an inmate is not being resistant or combative. If an inmate insults a jail officer by giving him the middle finger or cursing at him, the usual procedure is for the jail officer to give that inmate a write up.  If that behavior continues, then an inmate may lose certain privileges, but there is no policy that an inmate is immediately removed from his cell and placed in a separation cell. There certainly is no policy that an inmate who insults an officer will be physically assaulted, or forcefully removed from his cell.  Inmates have a right under both the law and my policies not to be subjected to unnecessary force.  Jerry's conduct was shocking particularly considering he was a very experienced commanding officer and was in the process fo becoming the new Jail Captain.  That is not the type of leadership we need in the Polk County Jail"

10.     "On March 2, 2021, Lieutenant Jerry was given his letter of termination, which summarized the findings of the investigation.  The letter informed Lt. Jerry of the policies his conduct violated and that his employment was being terminated. Lt. Jerry signed the termination letter on the line indicating that he did not agree with

the substance of the letter and wished to appeal the termination through chain of command. However, he refused to provide a statement in support of his objections to the findings in the termination letter. Jerry also refused to answer questions from Chief Deputy Childers who was investigating the incident to determine if policy violations occurred. It is a violation of the Polk County Sheriff's Office policies to refuse to participate in an investigation, and refusal to answer questions as a part of an investigation can result in job termination. His refusal to participate in the investigation factored into his termination. I reviewed the evidence and the findings in the termination letter and made the decision to uphold the termination on March 4, 2021. Mr. Jerry never submitted any written objections or statement regarding his termination. Jerry never indicated to Chief Deputy Childers, me or anyone else that he thought racial discrimination played a role in his termination. Jerry never filed an EEOC or TWC charge of discrimination."

11.     "I have worked in law enforcement for a total of thirty-eight years and have been either Chief Deputy or Sheriff for nineteen of those years. After all of those years, this lawsuit is the only time I have ever been accused of racial discrimination or any other type of discrimination. I am the policy maker for the Polk County Sheriff's Office. The Polk County Sheriff's Office does not have a policy, custom or practice of discriminating against individuals or employees based on race. In fact, our policy is the opposite; everyone is to be treated fairly and equally regardless of race. "My name is Byron Lyons. My date of birth is _05/29/1966_, and my attorney's address is 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. I declare

under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2024."

"Further Declarant sayeth not."

BYRON LYONS