EXHIBIT "C"

## DECLARATION OF RICKIE CHILDERS

STATE OF TEXAS              §
                           §
COUNTY OF POLK             §

1.    "My name is Rickie Childers.  I am over the age of 18 and have never been convicted of a felony offense or a crime involving moral turpitude.  The following facts are based upon my personal knowledge and are all true and correct or, as noted below, the statements are derived from official government documents, and are all true and correct to the best of my knowledge."

2.    "I began serving with the Polk County Sheriff's office in February 1997, beginning as a patrol deputy.  I was promoted to Chief Deputy in January 2021 when Sheriff Byron Lyons took office. I retired as chief Deputy on September 30, 2023.  I worked a total of 27 years in law enforcement and retired with a Master Peace Officer license."

3.    "Lt. Jerry was involved in a use of force incident with an inmate named Michael Richards on February 23, 2021.  That evening I received a call from Justice of the Peace Pct. 4 , Jamie Richardson.  She told me that two jailers, Michael Cronin and Wyatt Goins, had contacted her and told her they were concerned about Lieutenant William Jerry's use of force against Michael Richards.  I am not sure why these jailers went to the Justice of the Peace, but they probably knew her pretty well because her office is in the Law  Enforcement Center and she is frequently in the jail to magistrate inmates.  Also, it is a fact that Lt. Jerry was the jailers' commanding offcer at that time and expected their written reports to go first to him."

**Declaration of Rickie Childers**                                    **Page 1 of 6**

4.    After talking to the Justice of the Peace, it was clear that an investigation was appropriate, so I pulled all the body camera information from the incident that occurred on February 23, 2021. While watching the body camera footage of the incident, I was immediately concerned with the actions and conduct of Lieutenant Jerry. It was particularly concerning for a commanding officer with as much law enforcement and corrections experience as Jerry to be acting in such an irrate, aggressive and inappropriate manner in front of his jail staff. It was clear from the videos alone that Jerry's conduct violated several of the Polk County Sheriff's Office policies and procedures.

5.    The following morning, I made Sheriff Lyons aware of the incident and we watched the videos together.  They revealed a number of specific violations of the policies of the Sheriff's Office, namely 3.18 Rules of Conduct; 1.1 Obedience to Rules fo Conduct; 1.11 Conduct Unbecoming; 2.4 Conduct and Behavior; 8.01 Use of Force; 4.30 Body Worn Cameras; and 5.06 Tasers.  These policy sections are identified in the termination letter given to Jerry on March 2, 2021.  I drafted the termination letter; which is attached as Exhibit A to this affidavit is a true and correct copy of the letter. I investigated the incident internally to determine whether any policies were violated, and Sheriff Lyons made the decision to have the Texas Rangers conduct an external investigation into whether Jerry's conduct ,and use of force was potentially criminal. I suspended Lt. Jerry with pay pending the outcome of our investigation. To my knowledge, the Rangers' criminal investigation is still ongoing.

6.    I informed Jerry that the incident involving Inmate Richards was being investigated and he was being suspended pending the outcome of the investigation. I gave Lt.

**Declaration of Rickie Childers**

Jerry *Garrity* warnings, and he was encouraged to make a statement, but he declined to give his side of the story. The body camera information showed that Lt. Jerry used more force than was reasonably necessary under the circumstances. In fact, while the inmate did "shoot the finger" at Lt. Jerry, the inmate was in his cell and was not a threat to anyone at the time Lt. Jerry entered his cell. The camera footage shows Jerry was frighteningly overly-agitated, cursing and using considerable unnecessary force, which will be obvious when the videos are viewed. No weapon was used, but Lt. Jerry did display a Taser and point it at the inmate's head, while yelling at him and threatening him.

7. The videos also establish that, after the incident in inmate Richard's cell, Jerry moved him to a separation cell and instructed the officers present at that time to return to their duties and "give him some privacy." Two officers (Michael Goins and Wyatt Cronin) who were present at the scene, told me that the use of force continued in this cell. One officer specifically saw Jerry physically assaulting Mr. Richards through the cell window, and the other heard noises that sounded like someone was being thrown against the wall. This information is made even more troubling, because Lt. Jerry did not activate his body camera during the time he was in this cell and there is not a camera in the cell. The Sheriff's Office policy requires a body worn camera be activated in the situation that existed in that cell; had it been worn everyone would have had access to reliable evidence. As can be seen on the surveillance camera in the booking area, Jerry spends minutes alone with inmate Richards inside the cell. There was no justification for moving inmate Richards to a separation cell for nothing more than giving Jerry the finger, and no justification

for going into the cell alone with him for minutes after Jerry can be seen taunting, harassing and assaulting him on the way to the cell. The Polk County Sheriff's Office and Jail does not have a policy, custom or practice of placing inmates in separation cells for offending or "disrespecting" jail staff. Giving the middle finger, cursing, or disrespecting an jail officer is not sufficient stand-alone basis to move an inmate to a separation cell or to get hands on and physical with an inmate, especially to the extent Jerry is seen getting physical with Inmate Richards, forcefully grabbing his hair and neck, shoving him into doors and walls, and pointing a taser at his head. Jerry's conduct was shocking, particularly considering he was a very experienced commanding officer and was in the process of becoming the new Jail Captain.

8.    Based on the video information, I made the initial decision to terminate Lt. Jerry, for the reasons listed in the termination letter I wrote, a true and correct copy of which is attached hereto as Exhibit A to this Declaration. On March 2, 2021, I personally handed the termination letter to Jerry. However, Sheriff Lyons' policy does not give me final authority to terminate; rather, Lt. Jerry had a right to appeal the decision to the Sheriff, which he exercised.  This is reflected on the termination letter, at the bottom.

9.    While Lt. Jerry exercised his right to appeal the termination, he did not provide any information to justify his behavior, and he refused to provide a written statement. Sheriff Lyons upheld the termination.  This is also reflected at the bottom of the attached termination letter.

**Declaration of Rickie Childers**

10.    In my position as Chief Deputy, I previously had become aware that Sheriff Lyons intended to make Lt. Jerry the Jail Administrator, with the rank of Captain, and that this promotion would become effective upon the retirement of the then-current Jail Administrator in March of 2021.

11.    Mr. Jerry alleges that he was fired because of his race. This is untrue, and inconsistent with the policies of the Sheriff's Office. While my decision was not final, I was not at all motivated by Plaintiff Jerry's race. The decision was based entirely on Mr. Jerry's own actions which clearly violated multiple Polk County Sheriff's Office policies. This type of behavior that reflects poorly on the Polk County Sheriff's Office and degrades the trust of the public in the Polk County Sheriff's Office and the law enforcement and corrections community as a whole. As to Sheriff Lyons, in the years I have known him, I do not recall him ever treating anyone differently based on race in any situation, and certainly not in employment. I do not recall ever hearing anyone in say, in any situation, that Sheriff Lyons' behavior was motivated by race. Also, based on how they related to each other when I was in their presence, I believe that, prior to the incident with Michael Richards, Sheriff Lyons and Plaintiff were friends.

"My name is Rickie Childers. My date of birth is *March 22, 1972*, and my attorney's address is 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2024.

Declaration of Rickie Childers

"Further Declarant sayeth not."

**RICKIE CHILDERS**