UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM JERRY | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | Civil Action: 9:23-cv-32 |
| | § | |
| POLK COUNTY, POLK COUNTY | § | |
| SHERIFF'S OFFICE | § | |
| Defendant | § | *Jury Trial Requested* |

**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE THE AFFIDAVIT OF
MATTHEW ROSS AND OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT
EVIDENCE**

**TO THE HONORABLE FEDERAL EASTERN DISTRICT OF TEXAS JUDGE**:

**COMES NOW, Plaintiff** William Jerry (herein referred to as "Officer Jerry" or "Plaintiff") in the above-styled and numbered cause of action and files Plaintiff's Response to Motion to Strike the Affidavit of Matthew Ross and Objections to Plaintiff's Summary Judgment Evidence to respectfully show this Court the following:

A. ARGUMENTS AND AUTHORITY

**I.      Plaintiff has properly designated experts under the Federal Rules of Civil Procedure**

The authority governing how expert witnesses who may provide expert witness testimony are to be designated is Rule 26(a)(2) as follows:

 (2) *Disclosure of Expert Testimony.*

   (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must

disclose to the other parties the identity of any witness it may use at trial to present evidence

under Federal Rule of Evidence 702, 703, or 705.

   (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or

ordered by the court, this disclosure must be accompanied by a written report—prepared

and signed by the witness—if the witness is one retained or specially employed to provide

expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

In this case, Plaintiff has complied with the requirements of the Rule. Because Plaintiff has shown in his designation of expert witnesses, that these witnesses have not been retained, specially employed, or employed in any capacity, these witnesses were not required to provide expert reports. Therefore, Rule 26(a)(2)(B), the portion of the rule requiring an expert witness report upon designation, is inapplicable. For that portion of the rule to be applicable, that rule states, quite plainly, that witnesses required to submit reports must be retained, specially

2

employed, or one whose duties as the party's employee regularly involve giving expert testimony. In this case, none of those conditions are applicable. Plaintiff's designation states that neither of the witnesses have been retained or employed in any capacity, making Rule 26(a)(2)(B) inapplicable.

However, Rule 26(a)(2)(C) is applicable. That portion of the rule does not require the witnesses who are disclosed to provide an expert report upon designation. The only requirements for that rule are that the subject matter and summary of the facts and opinions are to be stated in the designation. Plaintiff satisfied that criteria in his expert witness designation.

In regards to Defendant's arguments concerning the Court's scheduling order possibly requiring a report be submitted by the date indicated in the order, that argument is a misreading of that portion of the order. The Court's order does not require or even suggest that a report needs to be filed. The implication of what the Court states in the scheduling order merely suggests that if a report needs to be filed, it needs to be filed by this date.

In regards to Defendant's arguments concerning objections, the Rules do not contemplate that all objections be made before trial on the basis of expert reports that have been submitted at the time of expert witness designation. If that were the case, the Rules would not allow for expert witnesses to be designated without having to file reports. The Rules, as written, allow for certain expert witnesses to be designated without having to submit reports.

Defendant has confused fact witnesses with that of expert/opinion witnesses. Expert witnesses do not have to have firsthand experience with the facts of the case by actually witnessing the occurrence giving rise to the litigation. If that were the case, using an expert witness would be impossible. Expert witnesses are allowed so that they can provide their

3

opinions on incidents that are described to them from some other source, whether by video or counsel recounting the circumstances that occurred during examination.

**II.       The testimony of Mickey Guidry should be maintained and not struck.**

Officer Guidry testifies to what he saw. He saw officers, white officers, use excessive force and where not disciplined. Plaintiff Ex. C Guidry Declaration. The Rules of Evidence permit him to testify about what he saw. Furthermore, there is nothing irrelevant about Officer Guidry testifying, explaining his opinion about how Officer Jerry was treated so poorly. Opinion testimony about events a witness has seen are allowed to help explain the nature of the incident to a fact finder. Federal Rule of Evidence 701. Officer Guidry is allowed to testify to his perception of what he has witnessed. *Id.*

**III.      The testimony of William Jerry should be maintained and not struck.**

Officer Jerry's testimony should be allowed to stand under Federal Rules of Evidence 801 and 805. Under 801, the statements of what had occurred were perpetuated by Polk County, the opposing party and were adopted by Polk County through the Polk County's Sheriff's Department. Officer Jerry testified to the statements, how they were made, and how he learned of them. Under the totality of these conditions, this testimony is protected by the Federal Rules of Evidence governing hearsay and exceptions to hearsay, primarily, Federal Rule of Evidence 805.

B. PRAYER

For these reasons, Plaintiff William Jerry respectfully requests this Court to deny Defendant's Motion to Strike Expert Testimony from Matt Ross and Rich Newman so that the witnesses' testimony can be considered by this Court in its adjudication of this action, and grant all other relief to Plaintiff that just may require.

4

Respectfully submitted,


The Bozeman Law Firm


/s/ Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
Federal Bar No. 1533462
5499 Braesvalley Dr., No. 462
Houston, Texas 77096
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFF


CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was sent to counsel named below on the 11th day of December, 2024, addressed as follows:

**Via electronic mail**

JOHN "JACK" R. FULGHAM
FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
rsd@flowersdavis.com


/s/ Marc Anson Bozeman
Marc Anson Bozeman

5